UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
upon the relation and the use for the )
TENNESSEE VALLEY AUTHORITY, )
)
    Plaintiff, )  No. 3:24-CV-49-TAV-DCP
)
v. )
)
AN EASEMENT AND RIGHT-OF-WAY )
OVER 1.64 ACRES OF LAND MORE )
OR LESS, IN KNOX COUNTY, )
TENNESSEE, and SONYA OGLE, )
MARK A. OGLE, FARM CREDIT MID- )
AMERICA, FLCA, and B. TIMOTHY )
WILIAMS, trustee, )
)
    Defendants. )

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Exclude the Proposed Expert Testimony of Brent L. Galloway and Wade Townsend [Doc. 47]. Defendant has responded [Doc. 62] and Plaintiff has replied [Doc. 64]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Exclude the Proposed Expert Testimony of Brent L. Galloway and Wade Townsend [**Doc. 47**].

I.  **BACKGROUND**

This is a partial takings case, wherein Plaintiff condemned a permanent easement and right-of-way over Defendants Sonya R. and Mark A. Ogle's land in Knox County, Tennessee, in order to erect, operate, and maintain electric power transmission circuits and communications circuits [Doc. 1 ¶¶ 1, 3, 4, 6]. The parties have stipulated that "[Plaintiff's] easement contains

approximately 1.64 acres" and that the taking occurred on "February 6, 2024" [Doc. 21 ¶ 3, 4]. According to Plaintiff, "[t]he sole issue to be tried is the amount of compensation to be awarded for the property rights taken" [Doc. 46 p. 4].

On April 17, 2024, the Court entered the Scheduling Order, which set out that "[d]isclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before one hundred and eighty (180) days before trial for plaintiff and one hundred and fifty (150) days before trial for defendant" and "[f]orty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Fed. R. Civ. P. 26(a)(3)" [Doc. 18 pp. 2, 6].[1]

On May 19, 2025, Defendants disclosed, for the first time, experts Brent L. Galloway ("Mr. Galloway") and Wade Townsend ("Mr. Townsend") [Doc. 64-2]. Mr. Galloway was retained to provide "an estimate of the volume and stumpage value of timber removed from approximately 1.64 acres acquired by [Plaintiff] through eminent domain for the construction of a powerline easement" [Doc. 47-1 p. 9]. Mr. Townsend was retained to "provide an estimated value for the quantity of dirt located on Tax Map Parcel Nos. 129 117 and 129 118.05 which was impacted by and made unusable . . . as a result of the [TVA's] taking of its easement" [Doc. 47-2 p. 1].

Plaintiff asks the Court to exclude "Mr. Galloway's and Townsend's valuation opinions on timber and fill-dirt . . . because both opinions impermissibly value individual elements of the Subject Property that are not separately compensable in a condemnation proceeding" [*Id.* at 6].[2] Plaintiff contends that "to separately value a component element of the land in order to aggregate value is in direct contravention of controlling law" [*Id.* at 7 (citing *Instructions to Comm'rs*, 61

---

[1]     Since the Court's Scheduling Order, the trial has been continued to August 25, 2026 [Doc. 52].

[2]     The Court notes that Plaintiff also asked the Court to exclude Mr. Townsend's fill dirt value opinion because it was "incomplete and unreliable pursuant to Federal Rules of Evidence 702, 703, and *Daubert*" [Doc. 47 p. 6].

F.R.D. 503, 511 (E.D. Tenn. 1974) ("[Y]ou cannot separately value each of these elements and aggregate them to reach the value of the entire tract . . . because these factors of value do not exist independently of each other and cannot be realized at the same time."))].

Defendants respond and "notify the Court that they do not oppose the relief requested by Plaintiff in its Motion to Exclude, specifically to exclude both [Mr. Galloway and Mr. Townsend] from providing expert testimony as to individual components as part of the valuation of the Subject Property" [Doc. 62 p. 2]. "Defendants clarify, however, that they reserve the right to call one or both gentlemen to testify for other, non-expert purposes including as fact witnesses as needed and to the extent permitted under the applicable federal rules of evidence and procedure" [*Id.*]. Defendants represent that "[t]o the extent [they] determine that either or both gentlemen must be called as fact witnesses, Defendants will timely notify Plaintiff and the Court as such in their final witness list pursuant to the Scheduling Order [Doc. 18], as amended by Orders Docs. 28, 32, 52] and Fed. R. Civ. P. 26(a)(3)" [*Id.*].

Plaintiff replies that since "Defendants do not oppose [Mr. Galloway's and Mr. Townsend's] exclusion as testifying experts . . . the Court should grant Plaintiff's instant motion to exclude these witnesses" [Doc. 64 p. 1]. Plaintiff contends, however, that now "Defendants . . . seek leave of the Court to allow both Mr. Galloway and Mr. Townsend to testify as fact witnesses in this matter" [*Id.*]. Plaintiff submits this is improper because "(1) Defendants did not disclose Mr. Galloway or Mr. Townsend as fact witnesses, and the time for amending their Rule 26(a)(1) initial disclosures has expired; and (2) Defendants did not disclose Mr. Galloway or Mr. Townsend as Rule 26(a)(2)(C) hybrid witnesses who are allowed to offer lay fact testimony in addition to expert proof" [*Id.* at 1–2]. Plaintiff asks the Court to refuse Defendants request "to permit both witnesses to offer lay testimony" [*Id.* at 2].

## II. ANALYSIS

Under Rule 26(a)(1), a party must provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The timing of the disclosure must be "at or within 14 days after the parties' Rule 26(f) conference unless a different time set by stipulation or by court order . . . ." Fed. R. Civ. P. 26(a)(1)(C).

Rule 26 also allows for supplementation of these disclosures "in a timely manner" whenever the party realizes that its disclosure or response is "incomplete or incorrect," or as ordered by the court. Fed. R. Civ. P. 26(e)(1). Whenever a party fails to disclose a witness in any of the three categories described by Rule 26(a), or when the party fails to supplement as required by Rule 26(e), the Federal Rules prohibit that party from using such information or witness to give evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Mr. Galloway and Mr. Townsend were disclosed as expert witnesses pursuant to Rule 26(a)(2), not as fact witnesses, on May 19, 2025 [Doc. 64-2]. Plaintiff contends that "Defendants . . . seek leave of the Court to allow both Mr. Galloway and Mr. Townsend to testify as fact witnesses in this matter" [Doc. 64 p. 1]. The Court, however, does not find Defendants have yet requested this relief.[3] While Defendants state that they "reserve the right to call one or both

---

[3] "A party cannot seek affirmative relief through a responsive filing." *Axis Dynamics, Inc. v. Knox Cnty., Tenn.*, No. 3:24-CV-329, 2025 WL 1811317, at *1 n.1 (E.D. Tenn. July 29, 2025) (citing Fed. R. Civ. P. 7(b)); *see also Walsh v. Indep. Home Care of Mich., LLC*, No. 20-10170, 2021 WL 3054870, at *3 (E.D. Mich. July 20, 2021).

gentlemen to testify for other, non-expert purposes including as fact witnesses as needed and to the extent permitted under the applicable federal rules of evidence and procedure," they further represent that "[t]o the extent Defendants determine that either or both gentlemen must be called as fact witness, Defendants will timely notify Plaintiff and the Court as such in their final witness list" [*Id.*].[4]

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Exclude the Proposed Expert Testimony of Brent L. Galloway and Wade Townsend [**Doc. 47**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[4]    The final witness list is due forty-five days before trial [Doc. 18 p. 6]. The matter of whether such form of notification would be appropriate is not currently before the Court.

5